Slip Op. 12- 80

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JINXIANG HEJIA CO., LTD., | |
| Plaintiff, | |
| v. | Before: Judith M. Barzilay, Senior Judge |
| UNITED STATES, | Court No. 09-00471 |
| Defendant, | |
| and | |
| FRESH GARLIC PRODUCERS ASSOCIATION, CHRISTOPHER RANCH L.L.C., THE GARLIC COMPANY, VALLEY GARLIC, and VESSEY AND COMPANY, INC., | |
| Defendant-Intervenors. | |

[Second remand results sustained.]

June 11, 2012

*deKieffer & Horgan* (*John J. Kenkel*, *Gregory S. Menegaz*, and *J. Kevin Horgan*), for Plaintiff Jinxiang Hejia Co., Ltd.

*Stuart F. Delery*, Acting Assistant Attorney General; *Jeanne E. Davidson*, Director; *Reginald T. Blades, Jr.*, Assistant Director, *Richard P. Schroeder*, Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, *George Kivork*, Attorney, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce.

*Kelley Drye & Warren LLP* (*Michael J. Coursey* and *John M. Herrmann*), for Defendant-Intervenors Fresh Garlic Producers Association, Christopher Ranch L.L.C., The Garlic Company, Valley Garlic, and Vessey and Company, Inc.

## OPINION

BARZILAY, Senior Judge: This case returns to the court following the second remand ordered in *Jinxiang Hejia Co. v. United States*, Slip Op. 11-112, 2011 WL 3915675 (CIT Sept. 7, 2011) ("*Jinxiang Hejia*").[1] In that opinion, the court addressed the normal value the U.S. Department of Commerce ("Commerce" or "the Department") calculated for Plaintiff Jinxiang Hejia Co.'s ("Plaintiff" or "Hejia") entry of single-clove garlic from the People's Republic of China. *See Final Results of Redetermination Pursuant to Court Order*, No. 09-00471 (Dep't of Commerce Jan. 14, 2011) ("*First Remand Results*").[2] The court sustained the Department's conversion to pounds per kilogram of a sales offer – from Indian exporter Sundaram Overseas Operations ("SOO") – that it placed on the record for use as surrogate value data. *See Jinxiang Hejia*, 2011 WL 3915675, at *6-7. However, the court remanded for further consideration Commerce's weight-averaging of the SOO offer (at 50%) and four sales offers for single-clove garlic that Hejia timely submitted (each at 12.5%). *Id.* at *9-12. Specifically, the court found that

> Commerce fail[ed] to connect its reasoning regarding the probative nature of the four sales to the decision to assign them, collectively, 50 percent of the weighted-average. Nothing inherent in the justifications discussed [in the *First Remand Results*] would warrant treating the four offers as one quarter as probative as the SOO offer.

*Id.* at *11.

Now before the court is Commerce's second remand determination, issued under protest. *See Final Results of Redetermination Pursuant to Remand*, A-570-831 (Dep't of Commerce Dec. 9, 2011) ("*Second Remand Results*"). On remand, Commerce removed from its calculation one

---

[1] The court presumes familiarity with the procedural history and background of this case.

[2] Commerce issued this first redetermination after the court granted its request for a voluntary remand. *See Jinxiang Hejia Co. v. United States*, No. 09-00471 (Oct. 25, 2010) (ordering remand and denying Rule 56.2 motion).

of the Hejia-submitted sales offers after determining that it originated from Nepal and not India, the applicable surrogate country. *Second Remand Results* at 9. Commerce thereafter took a simple average of the SOO sales offer and the three remaining sales offers that Hejia submitted and reached a revised dumping margin of zero. *Second Remand Results* at 8, 13.

Plaintiff does not contest this amended determination. Defendant-Intervenors Fresh Garlic Producers Association and its individual members, Christopher Ranch LLC, the Garlic Company, Valley Garlic, and Vessey and Company, Inc. (collectively, "Defendant-Intervenors"), however, challenge the determination as unsupported by substantial evidence, arguing that Commerce failed to address the purportedly inferior probative nature of the sales offers that Hejia placed on the record. The court has jurisdiction pursuant to 28 U.S.C. § 1581(c). For the reasons below, the court sustains the *Second Remand Results*.

## I. Standard of Review

The court must sustain a determination by Commerce unless it is "unsupported by substantial evidence on the record" or "otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). Substantial evidence constitutes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dupont Teijin Films USA, LP v. United States*, 407 F.3d 1211, 1215 (Fed. Cir. 2005) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966) (citation omitted). The court reviews the entire record when reviewing a determination, including anything that "'fairly detracts from the substantiality of the evidence.'" *Micron Tech., Inc. v. United States*, 117 F.3d 1386, 1393 (Fed. Cir. 1997) (citation omitted). Commerce must "articulate a satisfactory

explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Ins. Co.*, 463 U.S. 29, 43 (1983) (citation and quotation marks omitted).

## II. Discussion

"The process of constructing foreign market value for a producer in a non-market economy country is difficult and necessarily imprecise." *Shakeproof Assembly Components, Div. of Ill. Tool Works, Inc. v. United States*, 268 F.3d 1376, 1381 (Fed. Cir. 2001) (citation omitted). Typically, Commerce calculates "the normal value of the subject merchandise on the basis of the value of the factors of production" using the "best available information." 19 U.S.C. § 1677b(c)(1)(B). If factors of production data prove inadequate, however, Commerce determines normal value based upon the price of "comparable . . . merchandise . . . produced in one or more market economy countries that are at a level of economic development comparable to that of the non-market economy country." § 1677b(c)(2). "When there are no better alternatives, however, Commerce may use price quotes." *Vinh Quang Fisheries Corp. v. United States*, 33 CIT __, ___, 637 F. Supp. 2d 1352, 1358 (2009).

Resurrecting arguments addressed in *Jinxiang Hejia*, Defendant-Intervenors contend that Commerce failed to account for the inferiority of the offers Hejia submitted when compared with other data on the record. First, Defendant-Intervenors note that these three offer prices are far lower than those on record for actual sales of single-clove garlic in Japan, Germany, and Great Britain. Def.-Intervenor's Br. 5-7. Defendant-Intervenors conclude that they are thus less probative of the normal value of single-clove garlic and should not be afforded equal weight as the SOO offer in the averaging. Def.-Intervenor's Br. 5-7.

In the *First Remand Results*, Commerce relied on the same contrast to justify assigning the Hejia-submitted offers less weight. *See Jinxiang Hejia*, 2011 WL 3915675, at *9-10. The court rejected the utility of this unadorned reasoning, however, absent any explanation of how prices in these disparate markets would reflect on surrogate value data from India. *Id.* at *10. More importantly, as noted, the court found that none of Commerce's reasoning, as articulated, supported the particular weighted-average it used. *Id.* at *11. On remand, Commerce has chosen to abandon this methodology rather than more fully explain how the comparison justifies the previous weighted-average, *see Second Remand Results* at 12, and it is not the court's role to question this decision. Defendant-Intervenors have failed to demonstrate that the Japanese, German, and British prices for single-clove garlic – which are higher than the SOO offer as well and themselves differ greatly, Def.-Intervenor's Br. 4 – render the methodology in the *Second Remand Results* unreasonable.

Defendant-Intervenors next argue that the inferiority of the sales offers Hejia submitted is evident given their low price compared to the surrogate value prices Commerce calculated for the more common multi-clove garlic. Def.-Intervenor's Br. 7-9. Defendant-Intervenors note that Hejia itself argued at the administrative level that single-clove garlic demands a higher price as it is a specialty product. Def.-Intervenor's Br. 8, 11. The court previously found that, while this contrast was noticeable, Commerce failed to demonstrate how it supported the weighted-average. *See Jinxiang Hejia*, 2011 WL 3915675, at *10. If Commerce had provided a more complete explanation in the *Second Remand Results*, this comparison might indeed have justified treating the Hejia offers with less (or even no) weight in the surrogate valuation. Commerce opted not to, however, and the court did not, nor could it, restrict Commerce on remand merely to explaining the methodology it used in the *First Remand Results*. Faced with a limited record of four usable

sales offers for single-clove garlic, Commerce relied on a simple average of these imperfect data to calculate surrogate value – a reasonable approach given the record as a whole.

Finally, Defendant-Intervenors argue that the *Second Remand Results* fail to account for the fact that the Hejia sales offers are lower than the SOO offer that Commerce placed on the record. Def.-Intervenor's Br. 9. As Commerce aptly puts it, however, "this argument begs the question." Def.'s Resp. 5. One could just as easily ask why the SOO offer is priced so much higher than the other Indian sales offers for single-clove garlic.

The issue before the court is not, as Defendant-Intervenors suggest, whether Commerce could have adequately supported the weighted-average used in the *First Remand Results* or whether it could have otherwise treated the Hejia-submitted offers with less weight in the surrogate valuation. Instead, the court must ask whether it was reasonable for Commerce to do what it did – use a simple average of the four sales offers. It was. Commerce was presented with two sets of imperfect data, the SOO offer and the three usable sales offers that Hejia submitted. Neither contained prices from actual transactions and neither was contemporaneous with the period of review. *Second Remand Results* at 13. The court's opinion in *Jinxiang Hejia* reflected the requirement that Commerce provide a rational explanation linking the available data to its chosen methodology. *See Motor Vehicle Mfrs. Ass'n of the U.S., Inc.*, 463 U.S. at 43; *Timken U.S. Corp. v. United States*, 421 F.3d 1350, 1355 (Fed. Cir. 2005) ("[I]t is well settled that an agency must explain its action with sufficient clarity to permit 'effective judicial review.'" (citation omitted)). It did not, however, limit the broad discretion the agency retains when calculating surrogate value, particularly when confronted with limited data. Defendant-Intervenors fail to show that Commerce exceeded this discretion.

## III. Conclusion

For the foregoing reasons, the *Second Remand Results* are therefore sustained. The court will enter judgment accordingly.

Dated: June 11, 2012                                /s/ Judith M. Barzilay
      New York, NY                                      Judith M. Barzilay, Senior Judge

Slip Op. 12-80

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JINXIANG HEJIA CO., LTD., | |
| Plaintiff, | |
| v. | Before: Judith M. Barzilay, Senior Judge |
| UNITED STATES, | Court No. 09-00471 |
| Defendant, | |
| and | |
| FRESH GARLIC PRODUCERS ASSOCIATION, CHRISTOPHER RANCH L.L.C., THE GARLIC COMPANY, VALLEY GARLIC, and VESSEY AND COMPANY, INC., | |
| Defendant-Intervenors. | |

## **JUDGMENT**

Upon consideration of the U.S. Department of Commerce's *Final Results of Redetermination Pursuant to Remand* ("*Second Remand Results*"), filed December 9, 2011, Defendant-Intervenors' Comments, and all other papers filed in this action, and upon due deliberation, it is hereby

**ORDERED** that the *Second Remand Results* are sustained.

Dated:  June 11, 2012          /s/ Judith M. Barzilay
New York, NY         Judith M. Barzilay, Senior Judge